IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:10-CV-469-BO

| | | |
|---|---|---|
| WILLIAM LESLIE BARRETT, SR., | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | O R D E R |
| | ) | |
| USA-SOCIAL SECURITY, ERIC | ) | |
| HOLDER, and KATHLEEN SEBELIUS, | ) | |
| Defendants. | ) | |

This cause comes before the Court on defendants' motion to dismiss and plaintiff's motion for summary judgment. For the reasons discussed below, the Court grants defendants' motion.

## BACKGROUND

Plaintiff filed this action *pro se* alleging that the Social Security Administration complied with a conspiracy to obstruct justice by creating a false reason for denying his benefits. After proper service was effected, the defendants moved to dismiss this action pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. Plaintiff then moved for summary judgment, seeking punitive damages in the amount of $100,000,000.

## DISCUSSION

A Rule 12(b)(6) motion tests the legal sufficiency of the complaint. *Papasan v. Attain*, 478 U.S. 265, 283 (1986). When acting on a motion to dismiss under Rule 12(b)(6), "the court should accept as true all well-pleaded allegations and should view the complaint in a light most favorable to the plaintiff." *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir.1993). A complaint must allege enough facts to state a claim for relief that is facially plausible. *Bell Atlantic Corp. v.*

*Twombly*, 550 U.S. 544, 555 (2007). Facial plausibility means that the facts plead "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged"; mere recitals of the elements of a cause of action supported by conclusory statements do not suffice. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). If the factual allegations do not nudge the plaintiff's claims "across the line from conceivable to plausible," the "complaint must be dismissed." *Twombly*, 550 U.S. at 570.

Even construing all facts pled in the light most favorable to plaintiff, plaintiff's complaint has failed to allege a facially plausible claim. Plaintiff offers no factual support for his claim of conspiracy other than to state that the Social Security Administration said he was crazy and "switched [his] disability from his hand to [his] head." [DE 4]. Even after construing plaintiff's pleadings liberally as he has filed them *pro se*, *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) ("[a] document filed *pro se* is to be liberally construed"), the Court cannot conclude that plaintiff has sufficiently pled to nudge his claims across the line from conceivable to plausible. Moreover, insofar as plaintiff's claim may be construed as an appeal of the denial of his social security benefits, plaintiff has failed to show that he has exhausted his administrative remedies and the Court would therefore be without jurisdiction to consider his claim. *See* 42 U.S.C. § 405(g); *Matthews v. Eldridge*, 424 U.S. 319, 327 (1976) (only avenue for judicial review of decision of Commissioner requires exhaustion of administrative remedies).

In light of the appropriateness of dismissal of this matter and plaintiff's failure to establish the absence of genuine issues of material fact, *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986), the Court is constrained to deny plaintiff's motion for summary judgment.

2

## CONCLUSION

Accordingly, for the reasons discussed above, plaintiff's motion for summary judgment [DE 28] is DENIED, defendants' motion to dismiss [DE 27] is GRANTED and this matter is DISMISSED in its entirety.

SO ORDERED, this _11_ day of February, 2013.

_/s/ Terrence Boyle_
TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE

3